EUGENE A. KLEILA, Respondent-Appellant, v. EUGENE T. KLEILA et al., Appellants-Respondents.— In an action by one alleged partner against the other and a corporation alleged to be partnership property, to compel the return of books and records, to recover moneys due to plaintiff from the individual defendant, and for other relief, the parties cross-appeal as follows from an order of the Supreme Court, Kings County, dated June 11, 1963: (1) Defendants appeal from so much of said order: (a) as granted plaintiff's motion for discovery and inspection of the books and records, etc., of certain named partnerships; for the return thereof to the partnership office; and for an injunction against their removal therefrom; and (b) as denied their cross motion to dismiss the complaint for patent insufficiency. (2) Plaintiff appeals from so much of said order as denied his motion to inspect the books, records and papers of the corporate defendant. Order modified by striking out its fourth decretal paragraph denying plaintiff's motion to inspect the corporate defendant's books, records and papers, and by including the name of the corporate defendant in the first and third decretal paragraphs, which granted such inspection with respect to certain partnerships named therein. As so modified, the order, insofar as appealed from, is affirmed, with $10 costs and disbursements to plaintiff against the individual defendant. Defendants' time to answer the complaint is extended until 20 days after entry of the order hereon. Defendants' time to comply with the terms of the order appealed from (as modified and affirmed), with respect to the return of the books and records, etc., specified therein, is extended until 10 days after entry of the order hereon. The discovery and inspection pursuant to the order appealed from (as modified and affirmed) shall proceed on 10 days' written notice or at such other time and place as the parties may mutually stipulate in writing. Inspection of the books and records of the corporate defendant is, in our opinion, material in determining the ownership of partnership property, including that of the corporate defendant, as opposed to the property exclusively owned by the individual defendant. Beldock, P. J., Ughetta, Kleinfeld, Rabin and Hopkins, JJ., concur.

SHELDON KLEINMAN, Respondent, v. B. & M. CLEANERS & DYERS, INC., Appellant.— In an action to recover the sum of $15,000 allegedly due to the plaintiff under a written contract of employment, in which the defendant corporation asserted a counterclaim of $15,000 based upon the plaintiff's alleged misappropriation of certain moneys belonging to it, the defendant appeals: (1) from an order of the Supreme Court, Kings County, dated November 28, 1962, which: (a) granted plaintiff's motion and directed partial summary judgment in his favor for $12,500, together with interest thereon and costs; and (b) severed and continued the action as to the $2,500 balance of plaintiff's claim; and (2) from the judgment of said court entered November 30, 1962 on said order (see 37 Misc 2d 117). Judgment and order reversed, with $10 costs and disbursements, and motion denied. In our opinion, a triable issue exists as to whether the plaintiff ever agreed to reimburse the defendant with respect to any debts of plaintiff's former employer which the defendant may have paid. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.